DOUCET, Judge.
This case arises out of an automobile collision at an intersection controlled by traffic signal lights owned and maintained by the Louisiana Department of Transportation and Development. The trial court found that the sole cause of the accident was the malfunctioning of the. traffic signal lights and awarded plaintiffs a total of $106,214.40 in damages. From this adverse judgment the Department of Transportation and Development appealed. We affirm.
FACTS
On May 14, 1983, a two-vehicle collision occurred at the intersection of West Main Street and Dupre Street in Ville Platte, Louisiana. Immediately prior to the collision, Grace Fontenot, plaintiff, was driving her vehicle north on Dupre Street approaching the intersection. Also immediately prior to the collision, David Guillory, defendant, was driving his vehicle east on West Main Street approaching the intersection. The two vehicles collided at the intersection. The intersection was controlled by traffic signal lights owned and maintained by the Louisiana Department of Transportation and Development (hereinafter referred to as the DOTD). The drivers of both vehicles claimed to have had a green light in their favor as they entered the intersection.
Grace Fontenot was injured in the accident and collected $29,405.74 from her insurer, Allstate Insurance Company. Grace Fontenot and her husband, Yves Joseph Fontenot, sued the DOTD and David Guil-lory for damages on alternative theories of liability. The suit against the DOTD was based on the theory that the traffic lights at the intersection were malfunctioning at the time of the collision. The alternative suit against David Guillory was based on the theory that if the traffic lights were functioning properly at the time of the accident, Guillory must have run a red light. Allstate Insurance Company filed a subrogation suit against the DOTD and Guillory based on the same alternative theories of liability. The two suits were consolidated for trial.
At the trial of the suit on June 29, 1987, several stipulations were entered into by and between the parties: (1) That Allstate Insurance Company had paid to Grace Fon-tenot under its policy of insurance $12,-905.74 under the medical pay provisions of the policy and $16,500.00 in settlement of all claims Mrs. Fontenot had under the uninsured motorist provisions of the policy; (2) That Allstate was subrogated to the rights of Mrs. Fontenot; and (3) That at the time of the accident David Guillory had no automobile liability insurance.
After trial on the merits, the trial court issued Reasons for Judgment on August 21, 1987, finding that the accident was caused solely by the malfunctioning of the traffic signal lights and, therefore, finding the DOTD liable. The trial court found that plaintiff Yves Joseph Fontenot was entitled to $1,808.66 for damages to his vehicle, which was being driven by Mrs. Fontenot at the time of the accident. The trial court found that plaintiff, Grace Fon-tenot, was entitled to $29,405.74 in special damages and $75,000.00 in general damages. The trial court also found that Allstate Insurance Company was entitled to $29,405.74 under its subrogation agreement. A judgment in accordance with these reasons was signed on November 9, 1987.
A motion for a new trial was filed by the DOTD and this motion was denied by the trial court. The DOTD then filed a suspen-sive appeal asserting two assignments of error. Plaintiffs answered this appeal requesting that the judgment of the trial court be affirmed and that the DOTD be cast for all costs of this appeal.
ASSIGNMENT OF ERROR NO. 1
By this assignment of error the DOTD asserts that the trial court’s finding that plaintiffs had met their burden of proof that the traffic signal lights were malfunctioning was contrary to the law and the evidence, and, thus, manifestly erroneous. The DOTD asserts that the record does not support the trial court’s finding that plaintiffs proved by a preponderance of the evidence that the traffic signal lights *952 were malfunctioning at the time of the accident. We disagree.
In Canter v. Koehring Company, 283 So.2d 716 (La.1973), the Louisiana Supreme Court set forth the proper standard for appellate review of facts as follows:
“When there is evidence before the trier of fact which, upon its reasonable evaluation of credibility, furnishes a reasonable factual basis for the trial court’s finding, on review the appellate court should not disturb this factual finding in the absence of manifest error. Stated another way, the reviewing court must give great weight to factual conclusions of the trier of fact; where there is conflict in the testimony, reasonable evaluations of credibility and, reasonable inferences of fact should not be disturbed upon review, even though the appellate court may feel that its own evaluations and inferences are as reasonable. The reason for this well-settled principle of review is based not only upon the trial court’s better capacity to evaluate live witnesses (as compared with the appellate court’s access only to a cold record), but also upon the proper allocation of trial and appellate functions between the respective courts.” 283 So.2d at page 724.
The DOTD concedes in its appellate brief that it “has no reason to doubt” Grace Fontenot’s testimony that she entered the intersection under a green light. Therefore, the factual finding that it is seeking to reverse is that the light was also green for the Guillory vehicle. The DOTD contends that “the testimony of depositions established with certainty that the absent defendant, David Guillory, ran a red light.” The DOTD then states that this “certainty” is based upon the eyewitness testimony of Kim Fusilier, who was in the parking lot of a convenience store where she worked on the northwest corner of the intersection at the time of the collision. We find no such “certainty” in either Ms. Fusilier’s testimony at trial or her deposition.
At trial, Ms. Fusilier testified that she saw both the Fontenot vehicle and the Guil-lory vehicle stopped at the intersection in question. She stated that she saw the light facing Dupre Street turn green and that at that time both vehicles started forward and collided. She further stated that she could also see the light facing West Main Street and that the red light was burned out or not working at the time. She testified, without objection, that she had heard people say prior to the accident that the red light was burned out or not working properly. She also testified, without objection, that after the accident, she heard both Mrs. Fontenot and Mr. Guillory say that the light facing them was green as they entered the intersection. Ms. Fusilier testified that immediately after the collision she looked up at the traffic lights and that the light facing the Guillory vehicle was green. She also testified that the light facing West Main Street (and the Guillory vehicle) would sometimes go on when it was supposed to and sometimes it would not do so. She stated that she was certain that at the time of the accident the light was not functioning properly, and that this was her sworn testimony. She then stated that she had been confused during a deposition taken on June 10, 1985, in which she made inconsistent and contradictory statements.
A transcript of the deposition of Kim Fusilier taken on June 10, 1985, was introduced into evidence for purposes of impeachment. During that deposition, Ms. Fusilier first stated that immediately after the collision the light facing the Guillory vehicle was red and the light facing the Fontenot vehicle was green. However, she later stated that she only saw that the light facing the Fontenot vehicle was green and could not say whether or not the light facing the Guillory vehicle was red. She then stated that she only assumed that the light facing the Guillory vehicle was red. She also stated that after the accident she went to a position where she could simultaneously see the lights facing both streets and that she watched the lights for several cycles and they functioned properly.
From the above mentioned trial testimony and deposition, it is readily apparent that it was not established with “certainty” that David Guillory ran a red light. Thus, *953 we find this contention of the DOTD to be without merit.
The DOTD also states in its brief as follows:
“In light of the vast discrepancies between Kim Fuselier’s testimony at deposition and at trial, DOTD respectfully suggests that the Court give the greater weight to the testimony at deposition because it is the product of a fresher memory, and is less confused, ambiguous, and equivocal in tone and phraseology.”
Initially, we note that we do not find Ms. Fusilier’s testimony at deposition to be less “confused, ambiguous, and equivocal in tone and phraseology” than her testimony at trial. However, that is of no moment because the proper manner in which to treat the testimony of a witness who provides contradictory or inconsistent testimony is to give such testimony little or no weight. This is exactly what the trial court did, as is evident from the following language in its Reasons for Judgment:
“The court has had some difficulty reconciling her [Kim Fusilier’s] testimony given at the trial with that given prior thereto in her deposition, but considers on the whole that she saw the light green as to traffic on West Main Street, and also green as to traffic on Dupre Street. It has probative value, but the court gives it less weight than would othersie [sic] be the case.” (Emphasis added.)
We find no manifest error in the trial court’s treatment of Kim Fusilier’s testimony or evaluation of her credibility.
The trial court’s extensive Reasons for Judgment also reveal a thorough and comprehensive analysis of all of the testimony and other evidence. We find that this testimony and evidence provides a reasonable factual basis for the trial court’s finding that the traffic signal lights were malfunctioning at the time the accident under consideration occurred.
For the foregoing reasons we find this assignment of error to be without merit. ASSIGNMENT OF ERROR NO. 2
By this assignment of error the DOTD asserts that the trial court committed manifest error in denying the DOTD’s motion for a new trial. The DOTD bases this assertion on the “surprise” and “prejudice” it claims to have suffered when Kim Fusilier changed her testimony at trial.
The DOTD asserts that if Kim Fusilier had testified at trial as she did in her deposition, that such testimony would have constituted “uncontroverted” direct evidence that David Guillory had run a red light. The DOTD contends that it would have presented expert testimony to explain the configuration of the traffic lights involved and the type of malfunctions which were possible or impossible if it had known that Kim Fusilier would change her testimony.
The DOTD’s assertion as to the “uncon-troverted” nature of the evidence which Kim Fusilier’s deposition testimony would provide is without basis. First, her deposition testimony was at best equivocal as to whether David Guillory had run a red light. Second, this assertion totally ignores the testimony of other eyewitnesses, who were deposed before trial and testified at trial, that the light was green for traffic entering the intersection from both Dupre Street and West Main Street at the time of the accident. The DOTD was aware before trial that two witnesses, and possibly defendant David Guillory, would testify that the light facing David Guillory was green when he entered the intersection.
Additionally, the record reveals that at the beginning of the trial of this matter, the trial court asked the parties if they would like to make short introductory statements. At the time these statements were made, none of the parties were aware that Kim Fusilier would testify differently than she had testified in her deposition. Despite this, counsel for the DOTD made the following statement:
“Your Honor, there’s going to be some conflicting testimony of fact witnesses as to whether the light was green for both cars at the same time at this intersection, and the State maintains that it was not. That the fact — probably the Guillory vehicle ran a red light. Uh, *954 that’s — that’s our position.” (Emphasis added.)
The above statement makes it clear that, prior to Kim Fusilier’s testimony at trial, the DOTD was aware of conflicting testimony concerning the condition of the traffic signal light at the time of the accident.
We find that the assertion of the DOTD, that it was surprised and prejudiced by Kim Fusilier’s testimony at trial and should, therefore, be entitled to a new trial where it could present expert testimony, is without basis in fact. Accordingly, we find no manifest error in the trial court’s denial of the DOTD’s motion for a new trial. We find this assignment of error to be without merit.
For the above and foregoing reasons the judgment of the trial court is affirmed. All costs of this appeal are to be assessed against defendant-appellant.
AFFIRMED.